UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
CAROLYN DUGGAN,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-01270-FB

*Appearances:*
*For the Plaintiff*:
CHARLES E. BINDER, ESQ.
Law Office Charles E. Binder and
Harry J. Binder
485 Madison Ave. Suite 501
New York, NY 10022

*For the Defendant*:
JACQUELYN KASULIS, ESQ.
Acting United States Attorney
Eastern District of New York
By: SHRUTI TEJWANI, ESQ.
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Carolyn Duggan ("Duggan") seeks review of the Commissioner of Social

Security's denial of her application for supplemental security income benefits. Both

parties move for judgment on the pleadings. For the following reasons, Duggan's

motion is granted, the Commissioner's motion is denied, and the case remanded for

further proceedings.

## I.

Duggan filed an application for Social Security Disability benefits ("SSD")

and Supplemental Security Income benefits ("SSI") on October 24, 2016, with a

disability onset date of July 12, 2016. Her claim was denied, and she requested a

hearing before an Administrative Law Judge ("ALJ") on July 12, 2016. On

October 11, 2018, a hearing was held before ALJ Shawn Bozarth, who determined

that Duggan had the severe impairments of "bipolar disorder and depression" and

the nonsevere impairments of "spondylosis, irritable bowel syndrome and alcohol

abuse." A.R. 16. ALJ Bozarth ruled that Duggan was not disabled and concluded

she had the residual functional capacity ("RFC") to "perform a full range of work

at all exertional levels" with several non-exertional limitations including "low

stress," "only occasional contacts with supervisors, co-workers, and customers"

and close proximity to a bathroom. *Id.* at 17. The Appeals Council denied

Duggan's request for review on January 10, 2020.

## II.

"In reviewing a final decision of the Commissioner, a district court must

determine whether the correct legal standards were applied and whether substantial

evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004);

*see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

### III.

Duggan was a legal secretary until serious mental health issues[1] interfered with her ability to work. Since 2016 she has been receiving outpatient treatment for borderline personality disorder, bipolar disorder, depression, and alcohol dependency. She has attempted suicide in the past and has extreme difficulty navigating the world without verbal or physical altercations.[2] As a result, Duggan rarely leaves her apartment. When she ventures out to take care of essentials, like grocery shopping, it is "in the middle of the night" to limit contact with other people. A.R. 34.

---

[1] Duggan's treatment records clearly establish problems with anger management, rage, and aggressiveness (A.R. 451, 486, 490, 492, 494, 496-497, 501-502, 526, and 528); sadness (A.R. 451, 456-457, 460, 462, 476, 494, 496-497, 501-502, and 521-522); a history of trauma (A.R. 452, 462, 465, 487, and 521); anxiety (A.R. 456-457 and 465); depression (A.R. 456-457, 460, 462, 464, 465, 473, 478, 479, 481, 482, 483, 496-497, 501-502, 526, and 527); decreased insight (A.R. 456-457 and 496-497); decreased impulse control (A.R. 456-457, 487, and 501-502); feelings of hopelessness (A.R. 463 and 492); paranoid thinking (A.R. 472, 496-497, and 499); and suicidal ideation (A.R. 485, 487, 489, 490, 492, 499, and 501-502).

[2] *See* A.R. 37 ("Q[:] Just give us an example of the type of situations that you find yourself in on the street.
A[:] All right … I went food shopping at Stop & Shop and there was woman that I thought was staring at me and I had a coupon and I realized I --
Q[:] Well, what happened? You thought the woman was staring at you, and you had --
A[:] I thought the woman was staring at me and I asked her what the F she was looking at, and she beat me up.
Q[:] Okay, and --
A[:] And I -- we fought. We got into a big physical confrontation [] in Stop & Shop.
Q[:] Do you have other examples of this type of thing happening to you on the street?
A[:] Yes, I -- another time on the subway, a woman attacked me from behind because I guess I gave her a dirty look").

Duggan argues that the ALJ violated the treating physician rule.[3] The Court

agrees.

Social Security Administration regulations and Second Circuit precedent

"mandate specific procedures that an ALJ must follow in determining the

appropriate weight to assign a treating physician's opinion." *Estrella v. Berryhill*,

925 F.3d 90, 95 (2d Cir. 2019). The treating physician's opinion is entitled to

controlling weight, "so long as it is well-supported by medically acceptable clinical

and laboratory diagnostic techniques and is not inconsistent with the other

substantial evidence." *Estrella*, 925 F.3d at 95 (internal citations omitted). "[I]f the

ALJ decides the opinion is not entitled to controlling weight, [he] must determine

how much weight, if any, to give it" and must "explicitly consider" "(1) the

frequen[cy], length, nature, and extent of treatment; (2) the amount of medical

evidence supporting the opinion; (3) the consistency of the opinion with the

remaining medical evidence; and (4) whether the physician is a specialist." *Id*. at

95-96 (internal citations omitted).

Here, the ALJ improperly discounted the treating physicians – Drs. Tandon

and Maddineni, both of whom concluded Duggan cannot work – and failed to

---

[3] On January 18, 2017, the SSA revised the rules regarding the evaluation of opinion evidence for claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c; 82 Fed. Reg. 5844. Because Duggan's applications were filed before the enactment of the new rules, the Court will apply the rules that were in effect at the time of her applications.

conform to the framework laid out by the Second Circuit in *Estrella*. Specifically,

the ALJ neither explained in detail why the treating physicians' opinions were not

entitled to controlling weight, nor did he identify an alternative medical source for

his ultimate conclusions. This is problematic because, as the Second Circuit has

explained, the "treatment provider's perspective" is "all the more important in

cases involving mental health, which are not susceptible to clear records such as x-

rays or MRIs" and which "depend almost exclusively on less discretely measurable

factors, like what the patient says in consultations." *Flynn v. Comm'r of Soc. Sec.*

*Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018). Since the ALJ erred by

"substitute[ing] his own expertise or view of the medical proof for the treating

physician's opinion," reversal is appropriate. *Greek v. Colvin*, 802 F.3d 370, 375

(2d Cir. 2015).

In addition, the ALJ seemed to believe Duggan's mental health issues were

less severe than she claimed because she responded to treatment but did not always

take her medication.[4] This conclusion was erroneous. As Judge Chen has noted,

"[t]he ALJ does not appear to have considered the possibility, if not likelihood, that

any failure by Plaintiff to take his medication is part of the [symptomology] for

---

[4] *See, e.g.,* A.R. 15 ("The claimant's sporadic compliance with mental health treatment and prescribed psychotropic medication, but improvement when adherent to her psychotropic medication regimen indicates that the severity of the claimant's bipolar disorder and depression is not to the degree alleged.")

[her] disorders." *Roytman v. Comm'r of Soc. Sec.*, No. 19-CV-3626 (PKC), 2020

WL 5848615, at \*9 (E.D.N.Y. Sept. 30, 2020). It is evident from review of the

medical record and Duggan's testimony that she suffers from profound mental

health issues that were improperly minimized by the ALJ. *See, e.g., Estrella*, 925

F.3d at 97 ("[c]ycles of improvement and debilitating symptoms are a common

occurrence, and in such circumstances it is error for an ALJ to pick out a few

isolated instances of improvement over a period of months or years and to treat

them as a basis for concluding a claimant is capable of working.") (quoting

*Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)).

Because the ALJ failed to properly weigh the treating physicians' opinions

and inappropriately minimized Duggan's mental health issues, remand is

appropriate.

## CONCLUSION

For the foregoing reasons, Duggan's motion is GRANTED, the

Commissioner's motion is DENIED, and the case is remanded for reconsideration

in light of this memorandum and order.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 19, 2020

6